IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NOS.:
1:25-cv-00356-MR
1:25-cv-00357-MR
1:25-cv-00386-MR

| | |
|---|---|
| **IN RE HOLCOMB,** | ) ) ) ) ) ) ) ) | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on review of the dockets in the above-captioned matters.

## I. BACKGROUND

Since August 27, 2025, the pro se Plaintiff, a pretrial detainee currently held at Central Prison in Raleigh, North Carolina, has filed nineteen (19) civil actions in this Court.[1] The first ten of these cases were addressed in a

---

[1] Holcomb v. Rodriguez, 1:25-cv-00285-MR (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00310-MR (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00311-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Sherrif's Office, 1:25-cv-00313 (W.D.N.C.), Doc. 1; Holcomb v. Freeman, 1:25-cv-00321 (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00322-MR (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00323-MR (W.D.N.C.), Doc. 1; Holcomb v. Vacher, 1:25-cv-00324-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Sherrif's Office, 1:25-cv-00325-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Detention Center, 1:25-cv-00326-MR (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00332-MR (W.D.N.C.), Doc. 1; Holcomb v. Brown, 1:15-cv-00333 (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Clerk of Court, 1:25-cv-00342 (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00356-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Sheriff's Office, 1:25-cv-00343-MR, Doc. 1; Holcomb v. Transylvania Cnty. Detention Center, 1:25-cv-00357-MR, Doc. 1; Holcomb v.

previous Order of the Court finding Plaintiff subject to the limitations of 28 U.S.C. § 1915(g) and ordering him to pay the full filing fee before proceeding in any of those actions. [See, e.g., Case No. 1:25-cv-285, Doc. 7]. Since then, Plaintiff moved the Court to dismiss fifteen (15) of his nineteen (19) pending cases. By simultaneous Orders, the Court is granting Plaintiff's motions to dismiss these 15 cases. [See Case Nos. 1:25-cv-285, 1:25-cv-310, 1:25-cv-311, 1:25-cv-313, 1:25-cv-321, 1:25-cv-322, 1:25-cv-323, 1:25-cv-324, 1:25-cv-325, 1:25-cv-326, 1:25-cv-332, 1:25-cv-333, 1:25-cv-342, 1:25-cv-143, 1:25-cv-358, 1:25-cv-374]. The Court is also imposing a pre-filing review system on the Plaintiff by simultaneous Order. [See Case No. 1:25-cv-285].

The three above-captioned cases, therefore, are Plaintiff's only remaining open cases in this Court as of entry of this Order. In these Complaints, Plaintiff primarily complains about his state arrest and criminal charges and proceedings, as well as certain conditions and treatment at the Transylvania County Detention Center ("TCDC"), his previous place of detention, and Central Prison. [See Case Nos. 1:25-cv-356, Doc. 1; 1:25-

---

Brown, 1:25-cv-00358-MR (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00374-MR (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00386-MR (W.D.N.C.), Doc. 1]. Additionally, on October 2, 2025, Plaintiff also filed an action that has been construed as a petition for relief under 28 U.S.C. § 2241. [Case No. 1:25-cv-00341-MR, Doc. 1]. This petition is not included in Plaintiff's case count here.

2

cv-357, Docs. 1, 3; 1:25-cv-386, Doc. 1]. Many of the claims and allegations in these Complaints are redundant. [See id.]. He seeks declaratory, injunctive, and monetary relief. [See id.].

Plaintiff seeks to proceed in forma pauperis ("IFP") in these actions. [See Case Nos. 1:25-cv-356, Doc. 2; 1:25-cv-357, Doc. 2; 1:25-cv-386, Doc. 2].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

3

As previously noted by the Court, the Plaintiff has filed at least three prior civil actions that qualify as "strikes" under the PLRA, 28 U.S.C. § 1915(g). See Pitts v. South Carolina, 65 F.4th 141, 145 (4th Cir. 2023). These include:[2]

> Holcomb v. Berger, 3:13-cv-00572-GCM (W.D.N.C.), Doc. 1 (dismissed for Plaintiff's failure to state a claim for relief);
>
> Holcomb v. Nissan North America, Inc., 1:14-cv-00039-MR-WCM (W.D.N.C.), Doc. 1 (dismissed for Plaintiff's failure to state a claim for relief);
>
> Holcomb v. Clerk of Court, W. Dist. of N.C., Asheville, 1:25-cv-00077-MR-WCM (W.D.N.C.), Doc. 1 (dismissed as frivolous);
>
> Holcomb v. Jackson, 1:25-cv-00079-MR-WCM (W.D.N.C.), Doc. 1 (dismissed as frivolous and for having no basis in fact or law);
>
> Holcomb v. Transylvania Cnty., 1:25-cv-00080-MR-WCM (W.D.N.C.), Doc. 1 (dismissed as frivolous and for having no basis in fact or law).

---

[2] The Court has since discovered that Plaintiff has also filed numerous civil actions in the District Court of South Carolina, many of which were dismissed for the failure to state a claim for relief. See Holcomb v. Martin, 6:15-cv-00160 (D.S.C.) (dismissed for failure to prosecute); Holcomb v. State of South Carolina, 1:15-cv-01717-MGL (D.S.C.) (dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A); Holcomb v. Kindley, 1:16-cv-00672-MGL (D.S.C.) (dismissed as Younger- and Heck-barred); Holcomb v. Wickensimer, 1:16-cv-00691 (D.S.C.) (dismissed for failure to state a claim for relief); Holcomb v. Riley, 1:16-cv-03487-MGL (D.S.C.) (dismissed for failure to prosecute); Holcomb v. Greenville Cnty. Clerk of Court, 6:17-cv-02001-MGL (D.S.C.) (dismissed for failure to state a claim for relief); Holcomb v. Styrling, 1:18-cv-01321-MGL (D.S.C.) (summary judgment granted for defendant); Holcomb v. Kindley, 1:18-cv-03182-MGL (D.S.C.) (dismissed as Heck-barred); Holcomb v. Russell, 1:21-cv-02023-MGL-SVH (D.S.C.) (dismissed for failure to prosecute).

The Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court, therefore, will deny Plaintiff's IFP motions and direct him to pay the full filing fee in the pending actions within 21 days of this Order. If Plaintiff fails to comply, these actions will be dismissed without further notice pursuant to § 1915(g).

## III. CONCLUSION

In sum, the Court will deny Plaintiff's IFP motions and direct him to pay the full filing fees in these actions, or they will be dismissed pursuant to 28 U.S.C. § 1915(g).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff is directed to pay the full filing fees for the pending actions within **twenty-one (21) days** of this Order. Should the Plaintiff fail to comply, these actions will be dismissed without further notice pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHERED ORDERED** that Plaintiff's Applications to Proceed in Forma Pauperis [Case Nos. 1:25-cv-356, Doc. 2; 1:25-cv-357, Doc. 2; 1:25-cv-386, Doc. 2] are **DENIED**.

The Clerk is respectfully instructed to docket this Order in every case listed in the caption of this Order.

The Clerk is further instructed to add the pending actions to the Plaintiff's Filer Status Report in CM-ECF.

**IT IS SO ORDERED**.

Signed: November 14, 2025

Martin Reidinger
Chief United States District Judge